UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUSTIN JAMISON,

        Plaintiff,

v.

        Case Number 03-10226-BC
        Honorable David M. Lawson

DOW CHEMICAL COMPANY,

        Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

The plaintiff commenced this action on September 18, 2003 alleging that the defendant, Dow Chemical Company, wrongfully terminated his employment in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Michigan Persons With Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws § 37.1101 *et seq.* Jamison amended his complaint on April 9, 2004 to allege in addition that Dow's failure to find a suitable job for him constituted illegal discrimination on account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) *et seq.* and Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.* After discovery was completed, the defendant filed a motion for summary judgment, which the Court granted in an opinion and order filed December 20, 2004. The Court filed a corrected opinion and order to clarify one of the issues on January 13, 2005.

The case concerns Jamison's allegations that he suffered an eye disease that rendered him hypersensitive to dust and chemical vapors. Dow, following the advice of the plaintiff's physicians, occasionally imposed work restrictions that limited Jamison's ability to work in many of the environments at the defendant's facility. The defendant placed Jamison in five different positions in an effort to accommodate his disability, but terminated his employment after it concluded that it

could find no open position for him that fit his medical restrictions. The Court determined that the undisputed facts established that the plaintiff did not suffer from a disability within the meaning of the ADA, and he was not qualified for the positions available at Dow with or without an accommodation. Consequently, the Court held that Jamison failed to make out a *prima facie* case on his ADA and PWDCRA claims. The Court also held that Jamison failed to offer evidence that his treatment by Dow differed in any significant way from the treatment of other, similarly-situated workers who were not members of the protected class, and Dow's legitimate reasons for its actions were not pretextual. Following the opinion granting the summary judgment, the Court entered a judgment dismissing the case on December 20, 2004.

Now, the plaintiff, armed with a new lawyer and some new legal theories, has filed a motion for relief from the judgment of dismissal. The motion, filed on February 15, 2005, is based on Federal Rule of Civil Procedure 60(b). The plaintiff contends that the Court misstated the applicable law, and he seeks to amend his complaint and proceed further with his law suit on different grounds, including claims that Dow breached a collective bargaining agreement and the plaintiff's union failed to represent him fairly. The defendant has filed an answer in opposition to the motion. After reviewing the parties' submissions, the Court concludes that it applied the correct substantive law in deciding the defendant's motion for summary judgment, and the plaintiff offers no support for the contention that the Court should *sua sponte* raise a claim under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), on the plaintiff's behalf when he failed to plead or otherwise advance such a claim. Finally, the plaintiff should not be granted leave to amend his complaint on a different theory, and equity does not favor such a late-in-the-game amendment. The Court, therefore, will deny the plaintiff's motion.

I.

The plaintiff has not specified which subsection of Rule 60(b) he invokes. Rule 60(b) consists of six enumerated clauses that contain the grounds upon which relief from a judgment or order may be granted. They include "(1) mistake, inadvertence, surprise, or excusable neglect;" "(2) newly discovered evidence;" "(3) fraud;" (4) a void judgment; (5) a judgment that should not be enforced because it "has been satisfied, released, or discharged," or undermined by reversal of another judgment upon which it is based; and "(6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The plaintiff's argument that the Court misapplied the law likely is based on subsection (1). The Sixth Circuit has "recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985). When applied under subsection (1), the word "mistake" has been held to include "any type of mistake or error on the part of the court." *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983)(citing *Oliver v. Home Indem. Co.*, 470 F.2d 329 (5th Cir. 1972)).

The plaintiff argues that the Court did not assess correctly the plaintiff's medical condition – keratoconus – in determining whether the plaintiff suffered from a disability as defined by the ADA. He now contends that Dow erroneously believed that condition to be a substantially limiting impairment. He also argues that although he was taking college courses while off work, the record does not reflect that he was ever offered a job at Dow that would accommodate his intellectual abilities in a location that was not contaminated with dust. In support of his arguments, the plaintiff cites *Moorer v. Baptist Memorial Health Care Sys.,* 398 F.3d 469 (6th Cir. 2005).

In *Moorer*, the court of appeals reviewed a judgment entered in favor of an ADA plaintiff by the district court after a bench trial. The lower court had concluded that the plaintiff suffered

from a disability within the meaning of the ADA because his employer "regarded" him as substantially impaired due to alcoholism. In affirming the lower court's judgment, the court of appeals stated:

> The ADA prohibits 'covered entities,' like Baptist, from discriminating against 'a qualified individual with a disability because of the disability of such individual.' 42 U.S.C. § 12112(a). Unlawful discrimination includes firing an individual because of his disability. Id. § 12112(a). 'The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.' *Id*. § 12111(8). Under the ADA, a 'disability' means either (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2).
>
> According to the ADA regulations, a major life activity means 'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.' 29 C.F.R. § 1630.2(i). 'When the major life activity under consideration is that of working, the statutory phrase "substantially limits" requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs' or '"a broad range of jobs in various classes."' *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999) (quoting 29 C.F.R. § 1630.2(j)(3)(i)). 'The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.' 29 C.F.R. § 1630.2(j)(3)(I).

*Id.* at 579.

In this case, the plaintiff never advanced the theory that Dow "regarded" him as disabled. Even to this day, the plaintiff does not make that claim. Although he now seeks to amend his complaint to advance new legal theories, a "regarded as" ADA claim is not among them.

This Court based its decision on the legal claim that the plaintiff put forth at the time: that he suffered from a physical impairment that substantially limited a major life activity. The major life activity relied upon by the plaintiff at the time was seeing, although he now appears to argue that

the activity of working should be considered as well. The Court does not find these arguments persuasive.

The Court's construction of the term "disability," which can be found in *Jamison v. Dow Chemical Co.*, 354 F. Supp. 2d 715, 726-27 (E.D. Mich. 2004), does not differ substantially from the pronouncement in *Moorer*, except that the focus was not on a "regarded as" theory of liability. However, as noted above, the plaintiff did not proceed under that theory. Congress enacted the Americans with Disabilities Act in an effort to "eliminate[] discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The Act prohibits qualifying employers from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to . . . hiring, advancement or discharge, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). If an employee suffers discrimination because he or she has a disability as defined by the ADA, has a record of having such a disability, or is regarded by his or her employer as having such a disability, 42 U.S.C. § 12102(2), the employee may bring an action seeking various remedies, including damages, provided that the employee first files a timely complaint with the EEOC. 42 U.S.C. §§ 12117, 2000e-5(f)(1). *See Parry v. Mohawn Motors of Michigan, Inc.*, 236 F.3d 299 (6th Cir. 2000). Thus, a plaintiff may demonstrate disability in one of three ways: possessing a physical impairment that substantially limits one or more major life activities, having a record of such a disability, or being regarded as having such a disability. In this case, the plaintiff sought to bring his claim under the first method of establishing disability under the Act. He could have brought a so-called "regarded as" claim, but he choose not to. Any substantive difference between this Court articulation of the law and that found in *Moorer* is a function of the two separate theories employed in those cases.

Nor does the plaintiff's claim fair any better if working is considered as the major life activity alleged to be impaired. In *Sutton v. United Airlines*, 527 U.S. 471 (1991), the Supreme Court explained that when "working" is the major life activity involved in an ADA claim, it is insufficient for a plaintiff to claim that he cannot work only at a desired position:

> When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs. Reflecting this requirement, the EEOC uses a specialized definition of the term 'substantially limits' when referring to the major life activity of working:
>
> 'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.' [29 C.F.R.] § 1630.2(j)(3)(i).
>
> The EEOC further identifies several factors that courts should consider when determining whether an individual is substantially limited in the major life activity of working, including the geographical area to which the individual has reasonable access, and 'the number and types of jobs utilizing similar training, knowledge, skills or abilities, within the geographical area, from which the individual is also disqualified.' §§ 1630.2(j)(3)(ii)(A), (B). To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

*Id.* at 491-92.

The plaintiff contends that Dow's claim that the plaintiff could work outside of Dow's plants fails to account for the defendant's size and apparent domination of the labor market in the surrounding community. There is no record evidence, however, that other work is not available from other employers in a dust-free environment, or that there are other jobs outside of Dow's plant in the geographical area that the plaintiff cannot perform. There is no material fact question in the

present record that suggests that the plaintiff is substantially impaired from working as a major life activity.

Next, the plaintiff seeks leave to amend his complaint to state a cause of action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because he feels his union did not fairly represent him in dealing with his limited sight and the defendant breached the collective bargaining agreement in force at the time. Citing an unpublished state court of appeals case, he contends that since it was necessary for the Court to construe the collective bargaining agreement to determine if his civil rights were violated, the Court should have required him to join his labor union as a defendant and advance a section 301 hybrid claim.

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Typically, "leave shall be given where justice so requires," because cases "should be tried on their merits rather than the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986) (per curiam). The district court, however, need not act as a rubber stamp when a party files such a motion. "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the plaintiff, after the case has been determined on its merits and judgment has issued, now seeks to amend his complaint to state a cause of action under the LMRA. Although the motion is not brought in bad faith, it does appear that undue delay and prejudice will result if leave is granted. The plaintiff has had nearly a year during the pendency of this action to amend his

complaint to state such a cause of action. He was represented by counsel throughout the proceedings. "Where counsel makes a deliberate choice to rely on one legal theory, the party cannot thereafter attempt to be relieved of the consequences of that conscious decision should the theory prove to be unsuccessful." *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir. 1999).

The plaintiff also argues that the Court nonetheless should have applied section 301 of the LMRA because it construed provisions of the collective bargaining agreement. The plaintiff cites to an unpublished Michigan Court of Appeals case, *Harris v. Ford Motor Co.,* No. 250983 (Mich. Ct. App. February 8, 2005), in support of his argument. However, the plaintiff's Title VII claim was not preempted by the LMRA, and it was not incumbent on counsel or the Court to consider section 301 when determining the plaintiff's claim of discrimination. In fact, the Sixth Circuit regularly considers cases where Title VII is at issue but the parties' relationship is governed by a collective bargaining agreement unhampered by arguments of section 301 preemption. *See, e.g., Seay v. Tennessee Valley Authority*, 339 F.3d 454 (6th Cir. 2003) (court construed both Title VII and a claim under section 301; court made no mention that section 301 preempts Title VII claims); *Penny v. United Parcel Service*, 128 F.3d 408 (6th Cir. 1997) (presence of a collective bargaining agreement requiring arbitration did not force employee to arbitrate his ADA claims); *Creusere v. Board of Educ. of City School Dist. of City of Cincinnati*, 88 Fed. Appx. 813 (6th Cir. 2004) (unpublished) (court construed Title VII in a case where a collective bargaining agreement governed the employment relationship; court made no mention that section 301 of the LMRA should preempt Title VII claims). The right to be free of discrimination under both state and federal law is independent of contract rights. *See Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1331, 1334 (6th Cir.

1989) (en banc) (holding that plaintiff's retaliatory discharge claim under Michigan law was not preempted because "the state-law tort of retaliatory discharge creates rights independent of those established by the collective bargaining agreement"; further holding that discrimination claim was not preempted even though the employer was likely to rely on provisions of the CBA in its defense). The Court finds no basis on which to allow the plaintiff to amend his complaint to start the case again with new – and questionable – legal theories.

Finally, to the extent that the plaintiff is alleging that he is entitled to relief under the "catch-all" provision of Rule 60(b)(6), that claim must fail. That provision is reserved for extraordinary circumstances and the plaintiff has not made or supported an argument that such circumstances exist here. *See Clemons v. Young*, 240 F. Supp. 2d 639, 642 (E.D. Mich. 2003).

II.

The Court finds that the plaintiff has failed to offer sufficient grounds to justify discretionary relief under Federal Rule of Civil Procedure 60(b). Accordingly, it is **ORDERED** that the plaintiff's motion and corrected motion for relief from judgment [dkt # 38] is **DENIED**.

              s/David M. Lawson
              DAVID M. LAWSON
              United States District Judge

Dated: May 23, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2005.

        s/Tracy A. Jacobs
        TRACY A. JACOBS

---